# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRON PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00286-SMY |
| | ) |
| WARDEN SCOTT THOMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terron Price, an inmate in the Illinois Department of Corrections, filed a Complaint utilizing the civil rights complaint form approved for use in this judicial district. (Doc. 1). However, there is no information provided in Section IV, Statement of Claim, and Section V, Request for Relief. (Doc. 1, pp. 6-7). 28 U.S.C. § 1915A requires screening of prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

To state a claim for relief, a Complaint must comply with Federal Rule of Civil Procedure 8 which requires a short, plain statement of the claim against each defendant and a demand for the relief sought. Further, the Complaint must plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Plaintiff failed to plead any facts or request any relief in his Complaint, he fails to state a claim upon which relief can be granted.

Accordingly, **IT IS HEREBY ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon

which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before April 20, 2020. If Plaintiff chooses to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."). The First Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 18, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**