# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRON PRICE, #B83750,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00286-SMY |
| ) | |
| **SCOTT THOMPSON,** ) | |
| **NURSE LORI,** ) | |
| **CHRISTINA BROWN,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terron Price, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts an Eighth Amendment claim and seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in his First Amended Complaint: Plaintiff is employed as a dietary specialist at Pinckneyville. On September 12, 2019, he was attempting to lift a garbage can to empty the contents into a dumpster and sustained a back injury. He immediately notified his supervisors, Lisa Kline and Mr. Bishop, of his injury. Kline and Bishop

escorted Plaintiff to their office and called the health care unit (HCU). Plaintiff was told the HCU would not see him at that time and that he must submit a sick call slip to be seen.

Almost two weeks later, Plaintiff notified Kline that he was suffering from severe back pain and Kline took a sick call request to the HCU. Plaintiff was subsequently seen by a nurse and prescribed Tylenol. The Tylenol was ineffective and did not mitigate Plaintiff's severe back pain. Approximately two to three months after the injury, Plaintiff was seen by a nurse and prescribed pain medication and a muscle relaxant.

Based on the allegations in the First Amended Complaint, the Court designates the following Count:

> Count 1: Eighth Amendment claim against Defendants for deliberate indifference to Plaintiff's serious medical needs related to his back injury.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. In other words, Plaintiff is required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and can properly answer the Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).

Additionally, a government official may not be held liable under § 1983 based on the

alleged unconstitutional conduct of a subordinate. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001). Thus, to state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

Here, Plaintiff names Warden Scott Thompson, Nurse Lori, and Health Care Unit Administrator Christina Brown as defendants, but does not explain what role, if any, these individuals played in his medical care. He does not identify any specific actions by these individuals that he believes violated his constitutional rights. Therefore, he fails to state a colorable claim against them. Count 1 will be dismissed.

## Disposition

Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **NOVEMBER 23, 2020**. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "Second Amended Complaint" and use the case number for this action (No. 20-cv-00286-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his

constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**