IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRON PRICE, #B83750,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 20-286-SMY |
| | ) |
| **NURSE LORI,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terron Price, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims Defendant was deliberately indifferent to his serious medical needs. He seeks monetary damages.

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 10): Plaintiff is employed as a dietary specialist at Pinckneyville. On September 12, 2019, he was attempting to lift a garbage can to empty the contents into a dumpster and sustained a painful back

1

injury.  He immediately notified his supervisors, Lisa Kline and Mr. Bishop, of his injury.  Kline and Bishop escorted Plaintiff to their office and called the health care unit (HCU).  (Doc. 10, pp. 7; 15-16).  Kline and Bishop told Plaintiff the HCU would not see him at that time and he must submit a sick call slip to be seen.

Almost two weeks later, Plaintiff notified Kline that he was suffering from severe back pain and Kline took a sick call request to the HCU.  Plaintiff was subsequently seen by a nurse and prescribed Tylenol.  The Tylenol was ineffective and did not mitigate Plaintiff's severe back pain.  Approximately two to three months after the injury, Plaintiff was seen by a nurse and prescribed pain medication and a muscle relaxant.  (Doc. 10, p. 8).

Nurse Lori received the call from Klein and Bishop reporting Plaintiff's injury, but failed to document the call or the injury and failed to follow injury procedures/protocols directing that an injured worker should be seen at the HCU.  (Doc. 10, pp. 8, 13).  As a result, medical care for Plaintiff's painful injury was delayed and his suffering was prolonged.  (Doc. 10 pp. 8-9).

Based on the allegations in the Second Amended Complaint, the Court designates the following claim:

> **Count 1:**     **Eighth Amendment deliberate indifference claim against Nurse Lori for delaying and failing to provide treatment for Plaintiff's serious and painful back injury.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Discussion

### Count 1

Prison medical providers violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). The allegations in the Second Amended Complaint are sufficient for Plaintiff to proceed on his deliberate indifference claim against Nurse Lori.

### Disposition

The Second Amended Complaint (Doc. 10) states a colorable claim in Count 1 against Nurse Lori.

The Clerk of Court shall prepare for **NURSE LORI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 10), and this Memorandum and Order to defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Second Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: March 2, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve her with a copy of your Second Amended Complaint. After service has been achieved, the Defendant will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**