IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRON PRICE, #B83750,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00286-SMY |
| | ) |
| **LORI PATTERSON,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment for Plaintiff's Failure to Exhaust his Administrative Remedies (Doc. 34). Plaintiff filed a response in opposition (Docs. 37, 38), and Defendant filed a reply (Doc. 41). Given the undisputed facts set forth in the parties' written submissions, an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) is not necessary. For the following reasons, the motion is **DENIED.**

## FACTS

Plaintiff Terron Price filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights at Pinckneyville Correctional Center. Following preliminary review of the Second Amended Complaint under 28 U.S.C. § 1915A, Plaintiff is proceeding on an Eighth Amendment claim against Defendant Lori Patterson for failing to provide and causing a delay of treatment for his back injury. (Doc. 11).

In the Second Amended Complaint (Doc. 10), Plaintiff alleges that on September 12, 2019, he was attempting to lift a garbage can to empty the contents into a dumpster and sustained a painful back injury. He immediately notified his supervisors of his injury and they escorted him to their office to call the health care unit (HCU). They told Plaintiff the HCU would not see him

and he must submit a sick call slip. Nurse Lori Patterson received the call reporting Plaintiff's injury, but failed to document the call or the injury, and failed to follow injury procedures/protocols directing that an injured worker should be seen at the HCU. As a result, medical care for Plaintiff's injury was delayed and his suffering was prolonged.

Plaintiff submitted an emergency grievance dated September 18, 2019 regarding the denial and delay of medical treatment for his back injury. (Doc. 35-1, p. 7). In the grievance, he states that he hurt his back at work, that his supervisors contacted the HCU, but that he was denied treatment and advised to submit a sick call slip. He also states in the grievance that he has submitted a sick call slip, but after two weeks, he has not been seen.

During the investigation of the grievance, the grievance officer spoke with one of the supervisors who confirmed Plaintiff's allegations and stated she spoke with "Nurse Laura." (*Id.*, p. 6). The grievance office also spoke with the HCU Administrator. The grievance office recommended that the grievance be affirmed in part because Plaintiff should have been treated on the date of the injury but denied in part because the grievance did not include the date of the injury and Plaintiff was seen by the HCU on September 22, 2019. The CAO concurred on October 21, 2019. Plaintiff appealed to the ARB, who received the grievance on December 2, 2019. (*Id.*, p. 5). The ARB denied consideration of the grievance because it did not include the dates of occurrence and they were "unable to establish time frame." (*Id.*).

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion

for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d at 740. Administrative exhaustion "means using all steps that the agency holds out and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

An inmate is required to exhaust only those administrative remedies that are available to him. *See* 42 U.S.C. § 1997e(a). Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance or when prison employees thwart a prisoner from exhausting his remedies. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Additionally, "[w]hen there is no possibility of any further relief, the prisoner's duty to exhaust available remedies is complete." *Thorton v. Snyder,* 428 F.3d 690, 696 (7th Cir. 2005).

Inmates in the Illinois Department of Corrections are required to follow the grievance process outlined in the Illinois Administrative Code. 20 Ill. Admin. Code § 504.800, *et seq*. (2017). Those regulations require an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 Ill. Admin. Code § 504.810(a). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer ("CAO"). 20 Ill. Admin. Code § 504.840. If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the

grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE § 504.840(c).

If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the ARB. 20 ILL. ADMIN. CODE §504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision. *Id.*

Additionally, to satisfy the administrative regulations, the grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL. ADMIN. CODE § 504.810(c). In other words, an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Here, Defendant argues that Plaintiff's September 18, 2019 grievance is deficient because it does not include the exact date of injury or identify the person by name who allegedly denied Plaintiff medical treatment. That the failure to treat Plaintiff's back injury occurred within 60 days before the submission of the grievance is undisputed. As such, the grievance provided prison officials sufficient notice as to what happened and when.

Likewise, Plaintiff's failure to identify Defendant Patterson by name did not interfere with the prison's ability to conduct an investigation into his claims. In fact, one of Plaintiff's supervisors identified the nurse who denied Plaintiff treatment and the grievance officer confirmed with the HCU that Plaintiff did not receive treatment for a back injury during the relevant time.

Thus, the grievance served the function of giving "prison officials a fair opportunity to address Plaintiff's complaint." *Maddox*, 655 F.3d at 722.

Finally, Defendant argues that Plaintiff failed to timely submit the grievance to the ARB. But because Plaintiff received a favorable decision regarding his claim (the grievance officer found Plaintiff should have been provided medical treatment on the day of the injury) and had received medical treatment by the time the grievance was addressed, no further relief regarding his claim was possible. Therefore, Plaintiff was not required to appeal to the ARB.

For these reasons, the Court finds that Plaintiff exhausted his administrative remedies with respect to the claim he asserts in this lawsuit; Defendant's Motion for Summary Judgment for Plaintiff's Failure to Exhaust his Administrative Remedies (Doc. 34) is **DENIED**. This case will proceed to merits discovery on the Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Patterson.

**IT IS SO ORDERED.**

**DATED: March 7, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**