IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRON PRICE, #B83750, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-286-SMY |
| | ) |
| LORI PATTERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Terron Price, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983. He alleges Defendant Lori Patterson was deliberately indifferent to his medical condition in violation of the Eighth Amendment. Now pending before the Court is Patterson's Motion for Summary Judgment (Doc. 52), which Price opposes (Doc. 61). For the following reasons, the motion is **GRANTED**.

### Factual Background

The following facts are undisputed unless otherwise noted: Plaintiff Terron Price was injured lifting a trashcan and dumping it into a dumpster on September 12, 2019 (Doc. 53-1, pp. 21, 25; Doc. 11; Doc. 17). Immediately after his injury, Price could not walk, his pain was a 10 out of 10, and he had to lay down for an unknown amount of time (Doc. 53-1, pp. 25-26). Price reported his injury to his supervisors John Bishop and Lisa Cash. *Id.* at pp. 24-25. Price asked Cash to walk him to the health care unit ("HCU") following his accident. *Id.* at pp. 26-27. Cash called the HCU, reported Price's injury, and was told that Price needed to submit a sick slip prior to being seen at the HCU (Doc. 53-3, p. 25). Price filled out a sick slip and Cash brought it down to the HCU. *Id.*

Cash testified that she always asks who she is speaking with when she calls health care. On September 12, 2019, she spoke with someone named Laura. *Id*. at p. 18. Price testified that Cash told him she spoke with a nurse named Lori or Laura (Doc. 53-3, pp. 13-14). Cash later spoke with a grievance officer about the grievance Price filed concerning the medical treatment he received after his injury on September 12, 2019. *Id*. at p. 17. Cash told the grievance officer she spoke to a Nurse Laura on September 12, 2019. *Id*. at pp. 17-18.

Cash and Bishop could tell that Price was in pain but did not believe his accident constituted an emergency (Doc. 53-3, pp. 19-20). Cash testified that if it had been a life-and-death situation, she would have called a Code 3 and medical would have been notified to come to the scene if it was an emergency. *Id*. at p. 19.

Price tried stretching and took two weeks off work to rest and alleviate the pain (Doc. 53-1, pp. 30-31). He saw a nurse in the HCU on September 22, 2019, complaining of lower back pain. *Id.* He reported that he injured his back while dumping garbage and that the symptoms had persisted for a week and a half (Doc. 54, p. 6). He reported that the pain was worse when he changed from sitting to standing and increased with movement. *Id*. at p. 7. The nurse examined Price and noted that he did not have bruising or tenderness. *Id*. She gave him Acetaminophen 325 mg to take twice a day for three days. *Id*. at p. 6.

Price submitted an Offender Request to the HCU on October 9, 2019 to be seen again for his back pain "because the first time nothing was done." *Id*. at 8. Price presented to nursing sick call on October 27, 2019. *Id.* at p. 11. He was given Ibuprofen 200 mg 1-2 tablets a day for three days. *Id*. at pp. 11-12.

On December 8, 2019, Price was seen in the HCU complaining of low to mid-back pain. A nurse examined him and noted there was no swelling, bruising, tenderness, or distress with

movement. *Id*. at pp. 18-19. Price presented to nursing sick call on December 22, 2019 complaining again of low/mid back pain. *Id.* He was referred to the physician. *Id*. at pp. 24-25. Price was seen by NP Bobby Blum on December 31, 2019 and diagnosed with muscle strain. *Id.* Blum ordered a physical therapy evaluation, Mobic 7.5 mg daily, and Robaxin 500 mg daily for two weeks. *Id.* at p. 26.

Price was evaluated by physical therapist Dan Varel on January 20, 2020. *Id.* at p. 66. Varel reported Price's trunk range of motion was at one hundred percent. *Id.* His heel and toe walk was normal, and he able to squat and return to standing position. *Id.* Price's lateral lower extremity strength was five out of five. Price had mild tenderness in his lower lumbar spine. *Id*. Price reported his low back pain had improved. Varel instructed Price on three types of exercise and instructed him to do them twice a day, three sets of 5 to 10 reps each. *Id.*

Price presented to the HCU on multiple occasions between May 2020 and June 2021 complaining of back pain. *Id.* at pp. 32-63. He was prescribed Ibuprofen, Mobic, and provided instructions for strengthening exercises. *Id.*

Price testified that his back pain is not an all-day pain – some days his pain medication works and he is pain-free and other days he experiences back pain (Doc. 53-1, pp. 36-37). The pain lasts between 30 to 60 minutes depending on what Price is doing. *Id*. at p. 38. Price attended one physical therapy session and was instructed on exercises to relieve back pain. *Id*. at p. 39. He tries to do the exercises every other day or so. *Id*.

Bishop currently works with Price and has not noticed him having any issues performing his work duties (Doc. 53-2, pp. 22-23). To his knowledge, Price has never met or spoken to Defendant Patterson. *Id*. at p. 43.

**Discussion**

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue as to any material fact – that is where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). If the evidence is merely colorable or is not sufficiently probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

The Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners. *Machicote v. Roethlisberger*, 969 F.3d 822, 827 (7th Cir. 2020) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An inmate alleging deliberate indifference must show that he faced a "substantial risk of serious harm," and that prison officials knew about that risk and disregarded it by "failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A plaintiff bringing a claim of deliberate indifference to medical needs must offer evidence that he suffered from an objectively serious medical condition, and that the defendant knew of and disregarded a substantial risk of harm. *Murphy v. Wexford Health Sources Inc.*, 962 F.3d 911, 915 (7th Cir. 2020).

A medical condition is objectively serious if it "has been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would perceive the need for a doctor's attention." *Perry v. Sims*, 990 F.3d 505, 511 (7th Cir. 2021) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Though this typically refers to an "acute" problem (e.g. a

fracture or a wound), chronic or degenerative conditions that may escalate if not treated properly can also be objectively serious. *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016).

Patterson argues that Price's back pain is a common ailment that does not rise to the level of a sufficiently serious medical need. Even assuming Price's back pain constituted an objectively serious medical need, there is no evidence suggesting that Patterson knew of a serious risk to Price's health but consciously disregarded the risk. Patterson's only possible involvement with Price's treatment or the events in question occurred on September 12, 2019, when she allegedly told Cash that Price could not be seen in the HCU without first filling out a sick slip.

The failure to see Price without a sick slip does not amount to deliberate indifference. Rather, deliberate indifference occurs when a defendant "actually knew" of a substantial risk of harm to the plaintiff. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). Here, Price's condition was not an emergency and did not present a substantial risk of harm. When he was seen in HCU, no bruising or swelling was observed. Price was eventually diagnosed with a muscle strain and treated with nonsteroidal anti-inflammatory pain relievers and rest. When viewed in the light most favorable to Price, the evidence against Patterson does not amount to deliberate indifference.

## Conclusion

For the foregoing reasons, Defendant Lori Patterson's Motion for Summary Judgment (Doc. 52) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  June 13, 2023**

**STACI M. YANDLE**
**United States District Judge**